ROBYN B. SOKOL - Bar No. 159506
DENNETTE A. MULVANEY - Bar No. 133423
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *rsokol@leechtishman.com*
    *dmulvaney@leechtishman.com*

Counsel for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARK ABBEY SLOTKIN,<br><br>Debtor. | Case No. 2:20-bk-12042-BB<br><br>**Chapter 7**<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF ROBYN B. SOKOL**<br><br>Hearing Date<br><br>Date: May 14, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>The Edward Roybal Federal Building<br>255 East Temple Street<br>Los Angeles, California |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATE BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:**

Elissa D. Miller, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("**Estate**") of Mark Abbey Slotkin ("Debtor") hereby opposes the *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Action In Nonbankruptcy Forum)* [Docket No. 731] ("**Motion**").  By and through this

LEECH TISHMAN FUSCALDO & LAMPL, INC.
1100 GLENDON AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90024
626.796.4000

opposition, the Trustee requests that the Motion be denied in its entirety with prejudice.

The Motion allegedly seeks relief from stay to proceed under applicable non bankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement with respect of any judgment against the Debtor or property of the Debtor's estate.  The nonbankruptcy action to which the Luxe Holdings, LLC seeks relief from the automatic stay to pursue is the matter entitled *Antiquarian Traders, Inc. v. Luxe Holdings LLC*, Case No. 19STCV28550 in the Los Angeles Superior Court ("**State Action**").

The Motion also states that "Movant claims an interest in sale proceeds held by the Debtor's estate based upon a perfected security interest."[1]  To the extent this claim is accurate which the Trustee disputes, any relief sought to liquidate the claim as secured and the amount of the newly asserted claim to sale proceeds from the sale of Estate assets sold years ago pursuant to Court order (proceeds that have been commingled with other assets and disbursed in accordance with court orders) , is an issue the must be resolved solely by this Court.

The recently filed amended proof of claim by Luxe Holdings LLC must be resolved before this Court and any issues regarding a purported secured interest arising against assets of the Estate cannot and should not be litigated in State Court.  With the recent filing of this Motion and the amended Proof of Claim No. 10 filed on April 30, 2024, the Trustee is concerned that Luxe Holdings LLC ("**Luxe**") is attempting to circumvent the jurisdiction of this Court.  Additionally, a settlement of the Proof of Claim No. 10 and the State Action was reached with Luxe years ago.  *See* Declaration of Robyn B. Sokol, **Exhibits A** and **B**.  After reaching a settlement of the State Action and Proof of Claim No. 10, however, Luxe refused to execute the settlement agreement.  *Id.*  The Trustee intends to file a motion to enforce the settlement agreement and obtain Court approval of same.

The Motion should be denied for *inter alia*, the following reasons:  (1) the Trustee has already agreed to allow Movant a claim greater than that asserted in its Claim No. 10; (2) granting relief from the automatic stay will burden the Estate with unnecessary legal fees as well as slow down the

---

[1] On April 30, 2024, Luxe filed its Amended Proof of Claim No. 10.  By this amendment, Luxe changed its claim from an unsecured claim to a secured claim.  The Trustee intends to file an objection to the Amended Proof of Claim No. 10.

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

administration and closing of the above captioned case; (3) this Court has sole jurisdiction to adjudicate claims, administer the Estate and determination of the validity and extent of liens pursuant to 28 U.S.C. 157(b)(2) and through the Motion Luxe seeks to circumvent that jurisdiction; (4) no grounds exist for granting relief from the automatic stay; and (5) as the Trustee has already agreed to the amount of the claim − $575,000 no other issues remain within the jurisdiction of the State Court to adjudicate.

Quite simply at the end of the day, the pending action and the Luxe Holdings LLC Amended Claim No. 10 ("**Claim 10**") are issues the must be resolved by this Court as part of the claim process.

## I.

## FACTAL BACKGROUND

On February 25, 2020, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Elissa D. Miller was appointed the chapter 7 trustee for the Debtor's estate and has been serving in that capacity since.

Based on the Trustee's investigation of the Debtor's use and abuse of the three intentionally defective grantor trusts ("**Trusts**") and the entities, the Trustee filed her *Complaint For: (1) Declaratory Relief; (2) Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and 548, Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09; (3) Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549; (4) Recovery of Avoided Transfers for Benefit of Estate Pursuant to 11 U.S.C. §§ 550 and 551; (5) Turnover of Estate Assets; (6) Accounting; (7) Objection to Discharge of Mark Abbey Slotkin Pursuant to 11 U.S.C. 527(A)(2)(B); and (8) Injunctive Relief* [Adv. Dkt. No. 1] ("**Complaint**") on November 23, 2020 ("**Adversary Action**") against the Debtor, his daughter Savannah Slotkin, the Trusts, the entities held by the Trusts, and businesses held by the Trusts and others ("**Defendants**").

The Debtor and the other Defendants filed answers in the Adversary Action denying the relief requested. [Adv. Dkt. Nos. 16, 112 and 114].  On October 5, 2021, the Trustee filed her Motion for Partial Summary Judgment [Adv. Dkt. No. 143] ("**MSJ**") seeking partial summary judgment on Claims 1, 2, 3, 7 and 8 of the Complaint.  The Defendants, including the Debtor, filed joint

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
200 South Los Robles Avenue, Suite 300
Pasadena, California 91101
626.796.4000

1  oppositions to the MSJ.  After a lengthy hearing, the Court granted the MSJ in part by order entered

2  on December 21, 2021 [Adv. Dkt. No. 201] ("**MSJ Order**").

3      Among other things, the MSJ Order granted summary judgment on the Eighth Claim for

4  Relief contained in the Complaint in favor of the Trustee and against the Defendants and required that

5  the "Defendants shall turn over the Assets to the Plaintiff, the Chapter 7 trustee for the Estate,

6  pursuant to 11 U.S.C. § 542(a), forthwith."  As a result of the MSJ Order, among other things, a total

7  of 10 residential real properties, personal property assets including all inventory owned by

8  Antiquarian Traders, Inc. ("**Antiquarian**") and all entities held by the Trusts including Antiquarian

9  were ordered turned over to the Trustee.

10     At the time the MSJ Order was entered, Luxe and Antiquarian were parties to a pending

11  action before the Superior Court of California, County of Los Angeles, entitled *Antiquarian Traders,*

12  *Inc. v. Luxe Holdings LLC*, Case No. 19STCV28550, State Action.  The State Action involves claims

13  brought by Antiquarian against Luxe and cross-claims brought by Luxe against Antiquarian.

14     The MSJ Order provides for a stay of the State Action.

15     On October 22, 2020, Luxe filed a proof of claim in the Debtor's bankruptcy case as a general

16  unsecured claim in the amount of $479,100 based upon its cross-claims in the State Action.

17     Commencing September 2022, the parties engaged in informal settlement discussions with

18  Luxe's counsel making it clear that they had no interest in participating in mediation and elected to

19  proceed in State Court.  By the end of November 9, 2022 documents had been exchanged and

20  discussions occurred regarding settlement of the Luxe bankruptcy claim, Claim No. 10, and

21  resolution of the State Action.  As a result of these discussions, the Trustee accepted a counteroffer

22  made by Luxe on or about November 28, 2022.  Counsel for the Trustee prepared and circulated a

23  settlement agreement setting forth the terms agreed upon by the parties.  Declaration of Robyn B.

24  Sokol, **Exhibits A** and **B**.

25     A settlement of Claim No. 10 and the State Action was reached and documented.  On

26  November 28, 2022, Luxe by and through its counsel accepted the settlement offer made by the

27  Trustee stating:

28     In response to the [Trustee's] offer to settle the Luxe claim at the POC amount
    ($479k) and in consideration of Luxe's current claim amount of not less than $620k,

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

**Luxe counter offers to settle for an allowed <u>unsecured claim of $575k</u>. If this offer is accepted by the [Trustee] or, we stand ready to assist as needed on a 9019 motion for court approval of the settlement.**

Declaration of Robyn B. Sokol, **Exhibit A**, (emphasis added). By email sent by Trustee's counsel on November 29, 2022, the above counteroffer was accepted. Attached to the Declaration of Robyn B. Sokol as **Exhibit A** are the emails setting forth the counteroffer from Luxe and the Trustee's acceptance. The settlement agreement setting forth the agreed upon settlement terms was initially circulated on December 30, 2022. Attached to the Declaration of Robyn B. Sokol as **Exhibit B** are the emails sent circulating the settlement agreement and a copy of the Settlement Agreement. Despite reaching an agreement, Luxe never executed the Settlement Agreement.

On April 30, 2024, Luxe filed an amended proof of claim for $479,100.00 allegedly secured against all assets of Antiquarian by a UCC-1, Claim No. 10.

The Trustee intends to file an objection to Claim No. 10 as such claim is not secured for *inter alia* the following reasons: (1) No records exist with the State of California demonstrating that the attached UCC-1 was properly recorded (*see* **Exhibit C**); (2) even if the attached UCC-1 was properly recorded (which the Trustee disputes) it was not renewed and expired August 13, 2020 before the entry of the MSJ Order; (3) the secured party named on the improperly recorded and expired UCC-1 is not Luxe but Tal Hassid; (4) all assets of Antiquarian were sold pursuant to Court order and Luxe and its counsel were provided notice of such sales and never objected to the sales or findings that certain of the sales were free and clear of all liens and encumbrances; and (5) the proceeds from the sale of Antiquarian assets have been comingled with the proceeds of the sale of other estate assets and, in part, disbursed pursuant to Court order. Declaration of Robyn B. Sokol. Having already agreed to an unsecured claim in the amount of $575,000, the Trustee has no intention of opposing the amount of Claim No. 10 but will oppose the alleged secured nature of the claim.

## II.

## ARGUMENT

No grounds exist for granting relief from the automatic stay and claim adjudication is solely within the jurisdiction of this Court. The sole legal basis for the relief sought is that the State Action will be tried more expeditiously in the nonbankrutpcy forum. Motion, p. 7, ¶6.d. This is simply not

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

accurate.  Not only has the Trustee already agreed to the amount of the damages sought but to the extent the Trustee is not able to enforce the settlement agreement an objection to claim hearing can be set on 30 days' notice before this Court.  There is no need for the State Action to go to trial.

Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating. annulling, modifying, or conditioning such stay –

(1)    for a cause, including lack of adequate protection of an interest in property of such party in interest;….

11 U.S.C. § 362(d)(1).  "What constitutes 'cause' for granting relief from the automatic stay is decided on a case-by-case basis."  *In re Kronemyer*, 405 B.R. 915, 921 (BAP 9th Cir. 2009) (citing *Christensen v. Tucson Estates, Inc. (In re Tuscon Estates, Inc.)* 912 F.2d 1162, 1166 (9th Cir. 1990).  "To determine whether cause exists, courts often use the twelve factors set forth in *In re Curtis*, 40 B.R. 795, 800 (Bankr. D. Utah 1984) (the "Curtis Factors")."  *In re PG & E Corp*., Lease Case No. 19-30088 (DM), 2019 WL 3889247 (Bankr. N. D. Cal. Aug. 16, 2019).

The Motion fails to demonstrate "cause" for the relief sought and for that reason alone, the Motion should be denied in its entirety.  Luxe argues that "cause" exists because the State Court is able to proceed to trial and resolve the claim faster.  This is simply false.  Moreover, the State Court does not have jurisdiction to resolve a Proof of Claim filed in a Bankruptcy Case.

Application of the *Curtis* Factors to the facts of this case demonstrates that no cause exists to lift the automatic stay.  Luxe carries the burden of establishing a *prima facie* case that "cause" exists for granting relief under 11 U.S.C. § 362(d)(1).  *Truebro, Inc. v. Plumberex Specialty Prods, Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004).  The *Curtis* Factors consist of the following twelve nonexclusive factors:

1.    Whether the relief will result in a partial or complete resolution of the issues;

2.    The lack of any connection with or interference with the bankruptcy case;

3.    Whether the foreign proceeding involves the debtor as fiduciary;

4.    Whether a specialized tribunal has been established to hear the particular case of action and whether that tribunal has the expertise to hear such cases;

5.    Whether the debtor's insurance carrier has assumed full financial

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

responsibility for defending the litigation;

6.   Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit of the goods or proceeds in question;

7.   Whether the litigation in another forum would prejudice the interest of the other creditors, the creditor's committee and other interested parties.

8.   Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9.   Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10.   The interest of judicial economy and the expeditious and economical determination of litigation for the parties;

11.   Whether the foreign proceedings have progressed to the point that the parties have prepared for trial; and

12.   The impact of the stay on the parties and the "balance of hurt."

*In re Advanced Medical Spa Inc.*, 2016 WL 6958130 at *4 (BAP 9th Cir. Nov 28, 2016) (citing *In re Plumberex Specialty Prods., Inc.*, 311 B. R. 551, 559-60 (Bankr. C. D. Cal 2004). "**In considering the foregoing factors, it must be borne in mind that the process of determining the allowance of claims is of basic importance to the administration of a bankruptcy estate.**" *In re Curtis*, 40 B.R. 795, 800 (Bankr. D. Utah 1984) (citing *Gardener v. New Jersey*, 329 U.S. 565, 573-574 (1947)(emphasis added).

The application of the *Curtis* Factors weighs in favor of denying the Motion in its entirety with prejudice.   No grounds exist as to why Claim No. 10 cannot and should not be resolved by this Court.   The sole purpose of proceeding with the State Court Action is to liquidate the Claim No. 10. This is an issue that belongs before this Court.   The appropriate place to litigate and liquidate Claim No. 10 to the extent the Trustee is not successful in enforcing the Settlement Agreement is this Court.

The Motion is nothing more than an attempt to circumvent the jurisdiction of this Court and should be denied.

Granting such relief will be unduly burdensome and costly to the Estate and its creditors.   If relief from the automatic stay is granted, the Trustee may be forced to employ counsel to represent the Trustee in a trial regarding the amount of the Movant's claim against Antiquarian to ensure that the State Court does not make rulings that will impact the Trustee's objection to Claim No. 10.

## IV.

## CONCLUSION

Wherefore, the Trustee respectfully requests that the Motion be denied in its entirety with prejudice.

Dated: April 30, 2024                          Respectfully submitted,


                                               /s/ Robyn B. Sokol
                                               Attorney for Elissa D. Miller, Chapter 7 Trustee

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

## DECLARATION OF ROBYN B. SOKOL

I, Robyn B. Sokol, hereby declarant as follows:

1. I am an attorney in good standing duly authorized to practice before this Court and all courts of the State of California. I am an attorney with the law firm of Leech Tishman Fuscaldo & Lampl, Inc., counsel for Elissa D. Miller, the duly appointed and acting Chapter 7 Trustee for the estate of Mark Abbey Slotkin.

2. I have personal knowledge of the following facts and if called as a witness I would and could competently testify.

3. I submit this declaration with respect to *the Chapter 7 Trustee's Opposition To Motion For Relief From The Automatic Stay Under 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)*.

4. Commencing September 2022, I reached out to counsel for Luxe in an attempt to settle the pending State Action. Initially, I suggested participating in mediation through the Bankruptcy mediation program. That suggestion was rejected. Nevertheless, I continued with my efforts to resolve the State Action.

5. By the end of November 9, 2022 documents were exchanged and discussions occurred regarding settlement of the Luxe bankruptcy claim, Claim No. 10, and resolution of the State Action. As a result of these discussions, the Trustee made a settlement offer to Luxe. Luxe made a counteroffer and I on behalf of the Trustee accepted the Luxe counteroffer. A settlement was reached among the Trustee and Luxe by November 29, 2022 and thereafter I documented the settlement agreement.

6. On November 28, 2022, Luxe by and through its counsel accepted the settlement offer made by me on behalf of the Trustee stating:

> In response to the [Trustee's] offer to settle the Luxe claim at the POC amount ($479k) and in consideration of Luxe's current claim amount of not less than $620k, Luxe counter offers to settle for an allowed unsecured claim of $575k. If this offer is accepted by the [Trustee] or, we stand ready to assist as needed on a 9019 motion for court approval of the settlement.

4864-5995-4362, v. 1

Attached hereto as **Exhibit A** and incorporated hearing by this reference is the email counteroffer that I received from counsel for Luxe and my response thereto.

6.     By an email that I prepared and sent on November 29, 2022 to counsel for Luxe, the above counteroffer was accepted. *See* **Exhibit A**.

7.     Based on this email correspondence, I prepared the settlement agreement and circulated it to counsel on December 30, 2022. Attached hereto as **Exhibit B** are the emails sent circulating the settlement agreement and a copy of the Settlement Agreement. The settlement agreement circulated accurately reflects the settlement agreement reached. Despite reaching an agreement, Luxe never executed the Settlement Agreement.

8.     Attached to Amended Proof of Claim No. 10 is a UCC-1 Statement in which the beneficiary is Tal Hassid. While the attached UCC-1 Statement purports to have been filed on August 13, 2015, no records of the UCC-1 Statement or the required renewal exist with the California Secretary of State. Attached hereto as **Exhibit C** and incorporated herein by this reference is the UCC search for Antiquarian Traders, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed this 30th day of April 2024, in Los Angeles, California.

_____
Robyn B. Sokol

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

# Exhibit A

**Robyn B. Sokol**

| | |
|---|---|
| **From:** | Robyn B. Sokol |
| **Sent:** | Monday, November 28, 2022 2:10 PM |
| **To:** | Derrick Talerico |
| **Cc:** | Daniel Zohar; Fadi K. Rasheed |
| **Subject:** | RE: Slotkin - Luxe Claim |

The Trustee will agree to resolve all claims (including the pending state Court action which will need to be dismissed with prejudice as to all pending claims and cross-claims) and in exchange the Trustee shall agree that Luxe holds an allowed general unsecured claim in the amount of $575,000.

We will prepare a settlement agreement this week for your review and your client's execution.

Regards,

Robyn

**Robyn B. Sokol** | Partner
rsokol@leechtishman.com

LEECHTISHMAN
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
leechtishman.com

200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
T: 626.796.4000 | F: 626.795.6321
Direct 626.395.7343 | Toll-Free 844.750.1600

**PITTSBURGH | CHICAGO | LOS ANGELES | NEW YORK | PHILADELPHIA | SARASOTA | WASHINGTON, D.C.**

**From:** Derrick Talerico <dtalerico@ztlegal.com>
**Sent:** Monday, November 28, 2022 10:32 AM
**To:** Robyn B. Sokol <rsokol@leechtishman.com>
**Cc:** Daniel Zohar <dzohar@zoharlawfirm.com>
**Subject:** Re: Slotkin - Luxe Claim

Robyn - Thanks for speaking with me last week. The additional information and circumstance of the bankruptcy was helpful.

In response to the Debtor's offer to settle the Luxe claim at the POC amount ($479k) and in consideration of Luxe's current claim amount of not less than $620k, Luxe counter offers to settle for an allowed unsecured claim of $575k. If this offer is accepted by the Debtor, we stand ready to assist as needed on a 9019 motion for court approval of the settlement.

Derrick

On Tue, Nov 22, 2022 at 4:15 PM Derrick Talerico <dtalerico@ztlegal.com> wrote:

Robyn - I am working with Daniel Zohar and represent Luxe in regards to the claim in the Slotkin bankruptcy. I left you a voicemail earlier this afternoon. I'd like to talk with you about the settlement discussions to see if we can resolve the Luxe claim. Please call me when you can. Would be great if we could speak for a few minutes before Thanksgiving, today or tomorrow. You can call me anytime (late evening is fine, if you work late hours). Cell is best. 310.403.0090

Thank you,
Derrick


--

# Zolkin Talerico LLP

**Derrick Talerico**
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA 90025
Direct  424-500-8552  I  Cell  310-403-0090
dtalerico@ztlegal.com  I  www.ztlegal.com


--

# Zolkin Talerico LLP

**Derrick Talerico**
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA 90025
Direct  424-500-8552  I  Cell  310-403-0090
dtalerico@ztlegal.com  I  www.ztlegal.com

Exhibit B

**Robyn B. Sokol**

---

| | |
|---|---|
| **From:** | Robyn B. Sokol <rsokol@leechtishman.com> |
| **Sent:** | Tuesday, January 24, 2023 5:31 PM |
| **To:** | Derrick Talerico (dtalerico@ztlegal.com); dzohar@zoharlawfirm.com |
| **Cc:** | Todd Foreman |
| **Subject:** | RE: Slotkin - Antiquarian v. Luxe |
| **Attachments:** | Settlement Agreement re Antiquarian v. Luxe.doc |

Counsel,

It has been nearly 1 month since I sent the Settlement Agreement to you for review and comment.   Please advise whether we have an agreement or not.

The goal was to have the agreement approved before the upcoming status conference.

**Robyn B. Sokol | Partner**
rsokol@leechtishman.com

**LEECH**TISHMAN
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
leechtishman.com

200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
T: 626.796.4000 | F: 626.795.6321
Direct 626.395.7343 | Toll-Free 844.750.1600

**PITTSBURGH | CHICAGO | LOS ANGELES | NEW YORK | PHILADELPHIA | SARASOTA | WASHINGTON, D.C.**

**From:** Robyn B. Sokol
**Sent:** Wednesday, January 11, 2023 9:54 AM
**To:** Derrick Talerico (dtalerico@ztlegal.com) <dtalerico@ztlegal.com>; dzohar@zoharlawfirm.com
**Cc:** Todd Foreman <tforeman@zoharlawfirm.com>
**Subject:** RE: Slotkin - Antiquarian v. Luxe

Please let me know if the settlement agreement attached is acceptable.   If so, I will prepare the Motion to approve compromise.

**Robyn B. Sokol | Partner**
rsokol@leechtishman.com

**LEECH**TISHMAN
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
leechtishman.com

200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
T: 626.796.4000 | F: 626.795.6321
Direct 626.395.7343 | Toll-Free 844.750.1600

**PITTSBURGH | CHICAGO | LOS ANGELES | NEW YORK | PHILADELPHIA | SARASOTA | WASHINGTON, D.C.**

**From:** Robyn B. Sokol
**Sent:** Friday, December 30, 2022 5:33 PM
**To:** Derrick Talerico (dtalerico@ztlegal.com) <dtalerico@ztlegal.com>; dzohar@zoharlawfirm.com
**Subject:** Slotkin - Antiquarian v. Luxe

Here is the settlement agreement.   I hit the send button too soon.

Please review and let me know if you require any changes.

Regards,


**Robyn B. Sokol | Partner**
rsokol@leechtishman.com

**LEECH**TISHMAN
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
leechtishman.com

200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
T: 626.796.4000 | F: 626.795.6321
Direct 626.395.7343 | Toll-Free 844.750.1600

**PITTSBURGH  | CHICAGO  |  LOS ANGELES  |  NEW YORK  | PHILADELPHIA | SARASOTA  |  WASHINGTON, D.C.**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("**Settlement Agreement**") is entered into between Elissa D. Miller, solely in her capacity as the Chapter 7 Trustee ("**Trustee**") for the Chapter 7 debtor, Mark Abbey Slotkin ("**Debtor**"), on the one hand, and Luxe Holdings LLC ("**Luxe**") on the other hand. The Trustee and Luxe (together referred to as the "**Parties**"), agree as follows:

## RECITALS

A.      On February 25, 2020, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Elissa D. Miller was appointed the chapter 7 trustee for the Debtor's estate and has been serving in that capacity since.

B.      Based on the Trustee's investigation of the Debtor's use and abuse of the three intentionally defective grantor trusts ("**Trusts**") and the entities, the Trustee filed her *Complaint For: (1) Declaratory Relief; (2) Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 and 548, Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09; (3) Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549; (4) Recovery of Avoided Transfers for Benefit of Estate Pursuant to 11 U.S.C. §§ 550 and 551; (5) Turnover of Estate Assets; (6) Accounting; (7) Objection to Discharge of Mark Abbey Slotkin Pursuant to 11 U.S.C. 527(A)(2)(B); and (8) Injunctive Relief* [Adv. Dkt. No. 1] ("**Complaint**") on November 23, 2020 ("**Adversary Action**") against the Debtor, his daughter Savannah Slotkin, the Trusts, the entities held by the Trusts, and businesses held by the Trusts and others ("**Defendants**").

C.      The Debtor and the other Defendants filed answers in the Adversary Action denying the relief requested. [Adv. Dkt. Nos. 16, 112 and 114]. On October 5, 2021, the Trustee filed her Motion for Partial Summary Judgment [Adv. Dkt. No. 143] ("**MSJ**") seeking partial summary judgment on Claims 1, 2, 3, 7 and 8 of the Complaint. The Defendants, including the Debtor, filed joint oppositions to the MSJ. After a lengthy hearing, the Court granted the MSJ in part by order entered on December 21, 2021 [Adv. Dkt. No. 201] ("**MSJ Order**").

D.      Among other things, the MSJ Order granted summary judgment on the Eighth Claim for Relief contained in the Complaint in favor of the Trustee and against the Defendants and required that the "Defendants shall turn over the Assets to the Plaintiff, the Chapter 7 trustee for the Estate, pursuant to 11 U.S.C. § 542(a), forthwith." As a result of the MSJ Order, among other things, a total of 10 residential real properties, personal property assets including all inventory owned by Antiquarian Traders, Inc. ("**Antiquarian**") and all entities held by the Trusts including Antiquarian were ordered turned over to the Trustee.

E.      At the time the MSJ Order was entered, Luxe and Antiquarian were parties to a pending action before the Superior Court of California, County of Los Angeles, entitled *Antiquarian Traders, Inc. v. Luxe Holdings LLC*, Case No. 19STCV28550 ("**State Action**"). The State Action involves claims brought by Antiquarian against Luxe and cross-claims brought by Luxe against Antiquarian.

F.      The MSJ Order provides for a stay of the State Action.

G.      On October 22, 2020, Luxe filed a proof of claim in the Debtor's bankruptcy case as a general unsecured claim in the amount of $479,100 based upon its cross-claims in the State Action.

NOW, THEREFORE, in consideration of the mutual terms and covenants to be performed by each party, the Parties agree as follows:

## AGREEMENT

1.    <u>Settlement</u>.  To resolve all claims by and among the Parties and Antiquarian (including the State Action which will be dismissed with prejudice as to all pending claims and cross-claims) it is hereby agreed that Luxe holds an allowed general unsecured claim in the amount of $575,000.

2.    <u>Bankruptcy Court Approval Required</u>.  This settlement agreement is subject to Bankruptcy Court approval.

3.    <u>Settlement Effective Date</u>.  This Settlement Agreement shall become effective on the later of: (a) the first business day after the order approving this Settlement Agreement has become a final non-appealable order; or (b) the dismissal of the State Action with prejudice (such date, the "**Settlement Effective Date**").  For avoidance of a doubt, the Trustee is only releasing claims related to Antiquarian and the debtor and not with regard to any other unrelated case where the Trustee is serving as a trustee.

4.    <u>Mutual Releases</u>.  Both Parties acknowledge this Settlement Agreement is intended to fully resolve any and all claims of Luxe against the Debtor and Antiquarian on the one hand and any and all claims held by Antiquarian and the Estate against Luxe, on the other hand.  For avoidance of any doubt, the Trustee is only releasing claims related to Antiquarian and the Debtor and not with regard to any other unrelated case where the Trustee is serving as a trustee.

5.    <u>Dismissal of State Court Actions</u>.   After entry of an order approving this Settlement Agreement, the Parties shall dismiss the State Action with prejudice.

6.    <u>Limitation of Trustee's Liability</u>.  Any obligation or liability whatsoever of Elissa D. Miller, as Trustee that may arise at any time under this Settlement Agreement shall be solely in her official capacity as Trustee and not in her personal capacity, and shall be satisfied, if at all, out of the assets vested in the Estates.  No such obligation or liability shall be personally binding upon Elissa D. Miller, either individually or in any other professional capacity, or of any of his agents, employees, representatives or professionals, regardless of whether such obligation of liability is in the nature of contract, tort, or otherwise, and no resort for the enforcement thereof shall ever be had to any or all of their property or assets.

7.    <u>Integration</u>**.**  This is an integrated Settlement Agreement.  The terms of this Settlement Agreement are contractual and are not merely recitals.  This Settlement Agreement supersedes all prior representations and agreements, if any, between the Parties or their legal counsel.  This Settlement Agreement contains the entire and only understanding between the Parties.  It may not be altered, amended or extinguished, except by a writing which expressly refers to this Settlement Agreement and which is signed subsequent to the execution of this Settlement Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest.  Any such alteration, amendment or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

8.    <u>Severability</u>.  If any term, provision, covenant or condition of this Settlement Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

9.    <u>Construction</u>. This Settlement Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the United States Bankruptcy Code.

10.    <u>Jurisdiction</u>.    The Bankruptcy Court shall retain jurisdiction over this Settlement Agreement.

11.    <u>Miscellaneous</u>.  As used in this Settlement Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates.  Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text.  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

12.    <u>Authority</u>.  Each of the signatories to this Settlement Agreement warrants that he or she has the authority to sign on behalf of those Parties for whom the signatory has signed and that no other signature is required.

13.    <u>Terms Read and Understood</u>.  The Parties to this Settlement Agreement hereby certify that they have read all of the terms of the foregoing Settlement Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Settlement Agreement of their own free will and not from any representation, commitment, promise, pressure or duress from any of the other Parties.

14.    <u>Counterparts and Facsimile and Pdf Signatures</u>.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the Parties at such time as all of the signatories hereto have signed a counterpart of this Settlement Agreement, subject to Court approval.  All counterparts so executed shall constitute one Settlement Agreement binding on all the Parties hereto, subject to Court approval, notwithstanding that all Parties are not signatories to the same counterpart.  A facsimile signature or electronically-imaged signature in "pdf" format shall, for purposes of this Settlement Agreement, be deemed to constitute an original signature and be binding as such.

**In Witness Whereof**, the Parties have caused this Settlement Agreement to be executed on January __, 2023 as follows:


By: _____
            Elissa D. Miller,
            Chapter 7 Trustee for Estate of Mark Abbey Slotkin


By: _____
            Tal Hassid,
            Manager of Luxe Holdings, LLC

Exhibit C

California
*Secretary of State*

Business    UCC

Login

Home

Search

Forms

Help

# UCC Search

Print

*UCC Documents have been processed through: 04/25/2024*

**Disclaimer:** *This tool allows you to search the California Secretary of State's Uniform Commercial Code database for abstracts of information for lien notices that have been filed with this office. The UCC Search is updated as documents are filed. The data provided is not a complete or certified record.*

| antiquarian | 🔍 |
|---|---|

Advanced ⌄

Results: 5

| UCC Type ⇕ | Debtor Information ⇕ | File Number ⇕ | Secured Party Info ⇕ | Status ⇕ | Filing Date ⇕ | Lapse Date ⇕ |
|---|---|---|---|---|---|---|
| Judgment Lien > | ANTIQUARIAN TRADERS, INC. - LOS ANGELES, CA | U210015012416 | UNIVERSAL CARD, INC. - FOUNTAIN VALLEY, CA | Active | 01/11/2021 | 01/11/2026 |
| Judgment Lien > | ANTIQUARIAN TRADERS, INC., A CALIFORNIA CORPORATION - BEVERLY HILLS, CA | 187632014234 | CITIZENS BUSINESS BANK, A CALIFORNIA BANKING CORPORATION - LOS ANGELES, CA | Lapsed | 02/05/2018 | 02/05/2023 |
| Notice of State Tax Lien > | ANTIQUARIAN TRADERS INC - SOUTH GATE, CA | U240014229930 | EMPLOYMENT DEVELOPMENT DEPARTMENT - SACRAMENTO, CA | Active | 02/08/2024 | 02/08/2034 |
| UCC > | ANTIQUARIAN TRADERS, INC. - BEVERLY HILLS, CA | 167551156047 | FORD MOTOR CREDIT COMPANY LLC - FRANKLIN, TN | Lapsed | 10/17/2016 | 10/17/2021 |
| UCC > | ANTIQUARIAN TRADERS, INC. - BEVERLY HILLS, CA | 167557542789 | COLLATERAL FINANCE CORPORATION - SANTA MONICA, CA | Lapsed | 11/18/2016 | 11/18/2021 |

| 1 |

© 2024 CA Secretary of State

Exhibit C, Page 18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1100 Glendon Avenue, 15th Floor, Los Angeles, CA 90024.**

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM); DECLARATION OF ROBYN B. SOKOL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **April 30, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Chad L Butler**    caecf@tblaw.com
- **Theron S Covey**    tcovey@raslg.com
- **Jon H Freis**    jon@jhflaw.net
- **David M Goodrich**    dgoodrich@go2.law,
  kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Stella A Havkin**    stella@havkinandshrago.com, shavkinesq@gmail.com
- **Sonja Hourany**    sonja.hourany@quinngroup.net,
  kadele@wgllp.com;lbracken@wgllp.com;shourany@ecf.courtdrive.com
- **Sheryl K Ith**    sith@cookseylaw.com
- **Gregory K Jones**    gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com
- **David B Lally**    davidlallylaw@gmail.com
- **Ian Landsberg**    ilandsberg@sklarkirsh.com,
  lskaist@sklarkirsh.com;yalarcon@sklarkirsh.com;mmadden@sklarkirsh.com;ilandsberg@ecf.inforuptcy.com;kfrazier@sklarkirsh.com;mduran@sklarkirsh.com
- **Wendy A Loo**    wendy.loo-smart@lacity.org
- **Michael J Mandelbrot**    mandelbrot@asbestoslegalcenter.org, mjmandelbrot@yahoo.com
- **Elissa Miller**    elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com,
  MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Jeremy H Rothstein**    jrothstein@gblawllp.com, msingleman@gblawllp.com
- **Lovee D Sarenas**    lovee.sarenas@dinsmore.com, michael.kerr@dinsmore.com
- **Allan D Sarver**    ADS@asarverlaw.com
- **Robyn B Sokol**    rsokol@leechtishman.com,
  rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **Derrick Talerico**    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Thomas B Ure**    tom@urelawfirm.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
- **Michael A Wallin**    mwallin@wallinrussell.com
- **Jennifer H Wang**    jwang@cookseylaw.com, jwang@ecf.courtdrive.com
- **Michael H Weiss**    mhw@mhw-pc.com, lm@weissandspees.com
- **Jessica Wellington**    jwellington@bg.law, ecf@bg.law

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August  2010*                                                                              **F 9013-3.1.PROOF.SERVICE**

**2.  SERVED BY UNITED STATES MAIL**:  On **April 30, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1534
Los Angeles, CA 9001

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 30, 2024 | Lydia Moya | /s/ *Lydia Moya* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4873-5320-8091, v. 2

**F 9013-3.1.PROOF.SERVICE**