**FILED & ENTERED**

**JAN 08 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** evangeli  **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Mark Abbey Slotkin<br><br><br><br><br><br>Debtor(s). | Case No.: 2:20-bk-12042-BB<br><br>CHAPTER 7<br><br>**GLOBAL ORDER (i) OVERULING DEBTOR'S JANUARY 5, 2026 OBJECTIONS TO CLAIMS AND (ii) TAKING HEARINGS ON OBJECTIONS OFF CALENDAR**<br><br>Date:       February 11, 2026<br>Time:      1:00 PM<br>Courtroom:  1539 |

The Court, having reviewed and considered the Debtor's motions to disallow certain claims (collectively, the "Claims"), filed January 5, 2026 [Docket Nos. 819 through 832] (collectively, the "Objections"), hereby makes the following findings:

1. The objections filed by debtor Mark Abbey Slotkin (the "Debtor") to the claims filed by Southwest Guaranty, Luxe Holdings, Abigail Slotkin and Jerry Fan represent impermissible collateral attacks on final orders of this Court allowing such claims;

-1-

2. The evidence offered by the chapter 7 trustee (the "Trustee") in support of her Final Report and Application for Compensation [Docket No. 810] and the declarations filed in support thereof demonstrate that the Trustee has adequately fulfilled her fiduciary duty to investigate the basis for, and the availability of defenses to, the allowance of the balance of the Claims to which the Debtor filed objections on January 5, 2026 [namely, the claims filed by creditors Thnt Floatx, LLC, Nicholas Tsunis, GYB Investors and Shari Brown], resulting in significant reductions in the amount of the claims asserted by these creditors;

3. The Debtor has had a period of almost 6 years to file the Objections and failed to do so until 2 days before the hearing on the Trustee's Final Report, and, therefore, the Court finds that the Debtor has waived any right that he would otherwise have had to object to the allowance of the Claims;

4. There is no evidence that any of the Objections were served on any of the creditors who are the holders of the Claims;

5. It would result in a pointless duplication of efforts and significant prejudice to the holders of the Claims, the Trustee and other creditors of the estate for the closure of this case and distributions to creditors to be further delayed by permitting the Debtor to litigate the Objections at this late date, and, therefore, the Court finds that the Debtor should be barred by the doctrine of laches from prosecuting the Objections;

6. The Debtor has offered only the barest of evidence and argument in support of the Objections, and the Court has previously found the Debtor to be an unreliable witness willing to offer false statements under penalty of perjury in declarations that he has filed and testimony that he has given in this chapter 7 case;

7. Even if the Debtor were successful in having the Claims that have not already been allowed by a final order of this Court disallowed in full, insufficient funds would remain in the estate to produce a surplus in any amount available for distribution to the Debtor; and

8. The Court, by order entered January 7, 2026, approved the Trustee's Final Report in full;

and other good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Objections are overruled in their entirety.
2. Any hearings scheduled or noticed on the Objections are taken off calendar.

###

Date: January 8, 2026

Sheri Bluebond
United States Bankruptcy Judge

-3-